**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

**In re:**

**Islaine G. Desrameaux**  **PROCEEDINGS UNDER CHAPTER 13**
**Last Four Digits of SS# x7388**  **CASE NO. 14-35326-BKC-AJC**

    Debtor.
_____/

**FOURTH AMENDED CHAPTER 13 PLAN**

The above-captioned debtor, Islaine G. Desrameaux, (the "Debtor"), proposes the following chapter 13 plan (the "Plan") pursuant to section 1321 of title 11 of the United States Code:

**MONTHLY PLAN PAYMENT:** Including chapter 13 trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor to pay to the chapter 13 trustee (the "Trustee") for a period of 36 months. In the event that the Trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the Plan:
    A.   $781.11 for months 1 (12/14) – 36; in order to pay the following creditors:

**Administrative Expenses**:  (payment in full pursuant to 11 USC §§ 1322 (a)(1), 507(a)(2))

Debtor's Attorney's Fees and Expenses:
Total Attorney Fees and Costs Due:  $690.00
Total Paid $690.00
Balance Due under Plan: $0.00
Payable: $_____/mo. (Mos. _____- _____)


**Secured Claims:**

**Class One - Indymac Bank, F.S.B.  Mortgage Loan Secured Claim**

Allowed secured claim arising out of or in connection with that certain mortgage loan agreement (the "Indymac Bank, F.S.B. Mortgage Loan Agreement") among Islaine G. Desrameaux, as borrower, and IndyMac Bank, F.S.B., a federally chartered savings bank, (or its predecessor in interest, agent, or affiliate) as lender, and any of the documents and instruments relating thereto or referred to therein,  including (a)  the promissory note (the "Note") in the amount of $168,000.00 issued thereunder on December 27, 2007  and (b) the mortgage (the "Mortgage") dated December 27, 2007.

The Mortgage was recorded on February 4, 2008 in Official Records Book 26196 at Page 3010, *et. seq.* of the Public Records of Miami-Dade County, Florida and makes reference to real property located 541 N.E. 126th St., North Miami, Florida 33161 more completely described as

> Lot 41, Block 3, of Griffing Biscayne Park Estates, according to the Plat thereof, recorded in Plat Book 5, Page 83, of the Public Records of Miami-Dade County, Florida

The holder of the Class One claim shall receive, at the option of the Debtor, either (i) such treatment that leaves unaltered the legal, equitable, and contractual rights to which holder is entitled, (ii) such other distribution as necessary to satisfy the requirements of section 1325 of the Bankruptcy Code,  or (iii) such different treatment that the holder agrees.

Payments to be made to the following entity:

**Ocwen Loan Servicing, LLC**
Attn: Cashiering Dept.
1661 Worthington Rd., Suite 100
West Palm Beach, FL 33409
Account No. x6633

```
_____   Arrearge ____ Payoff Secured Claim on Petition Date $_____
_____            Payment $_____/month (Months ____ to ____)
_____            Payment $_____/month (Months ____ to ____)
_____            Regular Payment $703.00/month (Months 1 to 30)*
```

*per the Mortgage Modification Mediation Program provision below

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM "MOTION TO VALUE COLLATERAL IN PLAN") WILL ALSO BE SERVED ON YOU PURSUANT TO FRBP 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value Collateral | Interest Rate | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Priority Claims:**
All claims entitled to priority under section 507 of the Bankruptcy Code shall receive full payment, in deferred cash payment, unless the holder agrees to a different treatment of such claim.

1._____        Total Due $0.00
                                Payable $0.00/mo. (Mos. ___ to _____)
                                Regular Payment $_____

**Unsecured Claims:** Pay $703.00/mo. (Mos. 31 to 36).  Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**Other provisions not included above:**

**1. Pay Direct Provision**

The Debtor(s) intend to make contractual payment directly to the following creditor(s):

**Miami-Dade County Tax Collector – f**or property taxes on 541 NE 126th St., North Miami, Florida  (except to extent included in payment under escrow by secured creditor)


**2. Mortgage Modification Mediation Provision**

The Debtor has or at once will file a Verified Motion for Referral to MMM with  Ocwen Loan Servicing, LLC ("lender" solely for purposes of MMM Program), loan number x6633, for real property located at 541 NE 126th St., North Miami, Florida 33161. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than the required 31% of the Debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The Debtor shall assert any and all other objections to the proof of claim prior to confirmation of the Plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the Debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the Plan to reflect the settlement and the lender shall amend its proof of claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the Plan no later than 30 calendar days following approval of the settlement by the Court and the lender shall have leave to amend its proof of claim to reflect the settlement reached after confirmation of the Plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receive any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.  If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.  Confirmation of the Plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.


**3. Income Verification Provision**

At the request of the Trustee, on or before May 15 of each year during the pendency of the plan, the Debtor will file the documents listed in Section 521(f)(1), (2),(3) and (4).


**4. Setoffs.**

The Debtor may, but shall not be required to, set off against any claim (for purposes of determining the allowed amount of such claim on which distribution shall be made), any claims of any nature whatsoever that the Debtor may have against the holder of such claim, but neither the failure to do so nor the allowance of any claim hereunder shall constitute a waive or release by the Debtor of any such claim the Debtor may have against the holder of such claim.

**5. Effect of Confirmation**

The provisions of the Plan shall bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.

Except as otherwise provided in the order confirming the Plan, the confirmation of the Plan vests all property of the estate in the Debtor.

Except as otherwise provided in the order confirming the Plan, the property revesting in the Debtor is free and clear of any claim or interest of any creditor provided for by the Plan.

**6. Successors and Assigns**

All of the rights, benefits, and objections of any person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and/or assigns of such person.


Dated: April 3, 2015


JORDAN E. BUBLICK, P.A.

/s/ Jordan E. Bublick_____
Jordan E. Bublick (Fla. Bar No. 381624)
20801 Biscayne Blvd., Suite 403
9100 S. Dadeland Blvd., Suite 1500
P.O. Box 545941
Miami, FL  33154-9541
Telephone: (305) 891-4055
Fax: (305) 503-7231
Email: jbublick@bublicklaw.com

*Attorney for the Debtor*